FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2018 AUG -1  AM 10: 22

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

| | | |
|---|---|---|
| WHEREVERTV, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | **COMPLAINT AND DEMAND FOR** |
| COMCAST CORPORATION, COMCAST | § | **JURY TRIAL** |
| CABLE COMMUNICATIONS, LLC, | § | |
| COMCAST CABLE COMMUNICATIONS | § | 2:18-CV-529-FtM-99CM |
| MANAGEMENT, LLC, and COMCAST | § | |
| BUSINESS COMMUNICATIONS, LLC | § | |
| | § | |
| Defendants | § | |
| | § | |
| | § | |
| | § | |

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff WhereverTV ("Plaintiff" or "WhereverTV"), a Florida corporation, by and through its undersigned attorneys, files this Complaint for Patent Infringement against Defendants Comcast Corporation, Comcast Cable Communications LLC, Comcast Cable Communications Management, LLC, and Comcast Business Communications, LLC (collectively, "Defendants" or "Comcast"), and hereby alleges as follows:

**I.**

**NATURE OF THE ACTION**

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. WhereverTV brings this patent infringement action to stop Comcast from continuing to engage in the wrongful and unlicensed use of WhereverTV's patented technology. Comcast is infringing U.S. Patent No. 8,656,431 by manufacturing, selling, offering, importing, and distributing its Xfinity branded products, alone or in combination with

1

its interactive programming guide.

## II.

## THE PARTIES

2.      WhereverTV, Inc. is a corporation organized under the laws of the State of Florida.  WhereverTV maintains a principal place of business in this judicial district at 11390 Palm Beach Blvd., Suite #302, Fort Myers, FL 33905.

3.      Defendant Comcast Corporation d/b/a Xfinity is a Pennsylvania corporation with its principal place of business at One Comcast Center, 1701 JFK Boulevard, Philadelphia, Pennsylvania. Through its wholly-owned subsidiaries, Comcast Corporation provides products and services under the brand name "Xfinity," including Xfinity digital video, audio, and other content services to customers, including in this judicial district. Comcast Corporation, jointly with the other Defendants, develops the infringing Xfinity services and equipment and provides the infringing interactive programming guide, set-top boxes, television systems, software apps, Wi-Fi services, and related components to customers in this judicial district. Comcast Corporation can be served at its principal place of business.

4.      Defendant Comcast Cable Communications, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at One Comcast Center, 1701 JFK Boulevard, Philadelphia, Pennsylvania. Comcast Cable Communications Management, LLC is a subsidiary of Comcast Corporation. Comcast Cable Communications Management, LLC, jointly with the other Defendants, owns and develops the infringing Xfinity services and products and provides the infringing interactive programming guide, set-top boxes, television systems, software apps, Wi-Fi services, and related components to customers, including in this judicial district. Comcast Cable Communications Management, LLC can be served at its principal place of business.

2

5.     Defendant Comcast Cable Communications Management, LLC d/b/a Xfinity is a limited liability company organized and existing under the laws of Delaware with its principal place of business at One Comcast Center, 1701 JFK Boulevard, Philadelphia, Pennsylvania. Comcast Cable Communications, LLC is a subsidiary of Comcast Corporation. Comcast Cable Communications, LLC, jointly with the other Defendants, owns and develops the infringing Xfinity services and products and provides the infringing interactive programming guide, set-top boxes, television systems, software apps, Wi-Fi services, and related components to customers, including in this judicial district. Comcast Cable Communications, LLC can be served at its principal place of business.

6.     Defendant Comcast Business Communications, LLC is a limited liability company organized and existing under the laws of Pennsylvania with its principal place of business at One Comcast Center, 1701 JFK Boulevard, Philadelphia, Pennsylvania. Comcast Business Communications, LLC is a subsidiary of Comcast Corporation. Comcast Business Communications, LLC, jointly with the other Defendants, develops the infringing Xfinity services and products and provides the infringing interactive programming guide, set-top boxes, television systems, Wi-Fi services, and related components to customers, including in this judicial district. Comcast Business Communications, LLC can be served at its principal place of business.

7.     All defendants identified in the preceding paragraphs shall be referred to herein, collectively, as "Defendants" or "Comcast."

## III.

## JURISDICTION AND VENUE

8.     WhereverTV incorporates by reference all preceding paragraphs.

9.     This is an action for patent infringement of United States Patent No. 8,656,431,

3

arising under the patent laws of the United States, including but not limited to Title 35 United States Code §§ 271 and 281.

10.     This Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

11.     This Court has personal jurisdiction over all Defendants for at least the following reasons: (1) Each Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this judicial district by its offering of infringing products and services in this judicial district, and elsewhere in this State, by marketing, selling, offering to sell, and/or using the Xfinity branded products, including, but not limited to, the infringing interactive programming guide, set-top boxes, television systems, and components thereof that enable the delivery of video content that is used within this judicial district, and providing such infringing products and services to the homes and businesses of customers in this judicial district; (2) each Defendant regularly does business and solicits business in this judicial district by its offering and selling infringing products and services through, among other places, their Xfinity retail store located at 8061 Dani Drive, Suite 120, Ft. Myers, FL 33966, among other locations, thereby establishing a physical, geographical location in this district from which the business of each Defendant is carried out; and (3) each Defendant has purposefully established substantial, systematic, and continuous contacts with this judicial district and should reasonably expect to defend lawsuits in this judicial district, especially because it is offering infringing products and services and providing infringing products and services in the homes and businesses of residents in this judicial district.

12.     Venue is also proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b)

4

because Defendant has a regular and established place of business in Lee County, Florida and in this judicial district. According to Defendants' website, Defendants maintain at least fifty-two retail locations in the State of Florida, many of which are located in this judicial district, including, but not limited to the Xfinity retail store at 8061 Dani Drive, Suite 120, Ft. Myers, in Lee County, FL 33966. Defendants manufacture, offer, sell, and distribute infringing products, including Xfinity branded products such as the Xfinity X1, including the interactive programming guide, from this place of business (and other places of business owned or controlled by Defendants) in Lee County, Florida. *See* 28 U.S.C § 1400 (b); *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1521 (2017); *In re Cray Inc.*, 871 F.3d 1355, 1360–4 (Fed. Cir. 2017).

13.     All conditions precedent to the maintenance of this suit and WhereverTV's claims have occurred, been performed, or otherwise waived.

## IV.
## THE PATENT INFRINGEMENT DISPUTE

**A.     WhereverTV, Inc.**

14.     WhereverTV incorporates by reference all preceding paragraphs.

15.     Founded in 2006, WhereverTV is an over-the-top television service provider that delivers live-streaming video content to subscribing customers around the world and through a wide range of internet enabled devices.

16.     WhereverTV provides an economically beneficial and completely versatile alternative to traditional cable and satellite services, with the added benefits of personalization and portability. WhereverTV enables customers to access licensed and free-to-air channels across multiple devices. The customer viewing experience through WhereverTV is based on customer location (geo-targeting) and content-rights management (subscriptions).

17. The '431 Patent, titled Global Interactive Program Guide Application and Device, was duly and legally issued by the United States Patent and Trademark Office on February 18, 2014. The inventor of the '431 Patent is Mark A. Cavicchia. WhereverTV is the assignee and owner of the '431 Patent. WhereverTV has full rights to sue and recover damages for all past, present, and future acts of infringements of the '431 Patent.

18. The '431 Patent discloses novel methods and systems for an interactive programming guide for receiving, accessing, managing, and viewing digital entertainment services such as live television, television on demand, and pre-recorded video and audio programming from one or more content sources. The '431 Patent provides the technological advancement necessary for efficiently addressing the way "cord-cutting" viewers consume video today.

**B. The Modern Television Experience**

19. Television viewers no longer consume video entertainment like they used to. The "television experience" began years ago with a limited number of over-the-air broadcast networks offering only "appointment" viewing.

20. As television matured, cable operators then began delivering content through "set top boxes," which operators rented to customers and installed in living rooms throughout the United States. These set-top boxes improved the television experience because they offered more content and a consistent user interface.

21. Today's viewers, however, are streaming more and more video over the internet. Watching television online has become at least as common as watching television over a set-top box. As a result, content providers are now delivering more options for watching video content. Today, cable TV is only one source, among many, for accessing video entertainment content.

22.     Consumers also now demand to watch their favorite video content on an ever-expanding list of devices. With the proliferation of mobile technology, including tablets and smart phones, consumers are no longer tied to their living rooms when it comes to enjoying video entertainment. The proliferation of personal digital recording devices has changed the viewing experience. Consumers now access their pre-recorded material and live broadcasts at any time, from any location, and from almost any kind of device.

23.     Despite all of these changes regarding how, where, and when video content is consumed, consumers still must be able to access video content with convenience and minimal effort. Consumers must be able to access video content through an easy to use, fully integrated, interactive programming guide that is searchable and customizable.

## C.     The '431 Patent

24.     The '431 Patent discloses a global interactive programming guide designed for today's video entertainment environment. One or more embodiments disclosed in the '431 Patent are directed at receiving, accessing, managing, and viewing digital entertainment services such as live television, television on demand, and pre-recorded video and audio programming from multiple content sources, via an Internet-enabled device (e.g., smart phone, tablet, computer, television), anywhere in the world.

25.     Some embodiments in the '431 Patent allow a user to access and view video content from anywhere in the world over an internet connection using an interactive programming guide.

26.     The '431 Patent discloses a guide that allows for user defined preferences, permissions, and other customizations, and, importantly, is not limited only to accessing video content controlled by a single content-provider or consolidator, formerly known as a "multi

system operator" or "MSO," but today, often referred to under different names such as, for example, a "multichannel video programming distributor."

27.     Embodiments in the '431 Patent provide for direct access to content from the content owners themselves as well as from traditional MSOs or consolidators, so users are not limited only to receiving content from an MSO or "middleman."

**D.     Defendants and the Accused Products**

28.     Comcast is one of the largest cable television and internet providers in the United States. Comcast manufactures, imports, markets, offers to sell, and sells a line of "Xfinity" branded products known as X1. According to Comcast, the X1 is a multiscreen, cloud-based entertainment platform that is fully managed for end-to-end, cloud-based video delivery. The Xfinity X1 Platform includes a line of Xfinity branded products including, for example, Xfinity Internet, Xfinity Mobile, Xfinity X1 TV, set top boxes, and apps known as Xfinity Stream and Xfinity Remote App, and other related apps and components necessary to deliver video content over the X1 Platform (collectively, the "Xfinity X1 Platform"). Comcast uses the trade name Xfinity to market cable television, internet, wireless services, as well as streaming video and audio content throughout the United States.

X1 PLATFORM

# CHANGING THE WAY YOU EXPERIENCE TV

## MULTISCREEN ENTERTAINMENT OPERATING SYSTEM

Developed by the most innovative and forward-thinking leaders at Comcast, X1 is a first of its kind multiscreen, cloud-based entertainment platform that addresses the current and future challenges of the pay TV industry. Offered as a fully-managed service, X1 provides end-to-end, cloud-based video delivery to differentiate your video service in a crowded market, increase revenue, decrease costs, and reduce subscriber churn.

29.    The Xfinity X1 Platform provides consumers with an integrated experience for watching video entertainment over the Internet from anywhere in the world and from numerous kinds of devices.

30.    Comcast's Xfinity X1 Platform particularly includes an interactive programming guide—which can be controlled and operated on a television, computer, tablet, or smartphone— that combines search results from multiple content sources, including live TV, on-demand programming, DVR recordings, Netflix, and YouTube, among others.

31.    Xfinity TV allows customers to watch movies and shows anytime and anywhere on a traditional television or on the Xfinity Stream portal.

32.    Xfinity Mobile is Comcast's own mobile phone and internet service that allows customers to stream video content. Xfinity Mobile leverages utilizes a traditional wireless network supplemented by millions of Wi-Fi hotspots consisting of modems leased by Comcast.

33.    Comcast often sells a set-top box receiver and a digital video recorder with the Xfinity X1 Platform that links a consumer's television, internet, computers, phones, and tablets together for purpose of efficiently organizing, searching for, streaming, and watching video and

audio entertainment. Comcast boasts that one of the primary advantages of the Xfinity X1 Platform is that it provides customers with a universal, searchable platform for accessing video and audio entertainment.



34.     Users of Xfinity X1 can choose to watch live television, on demand video, or stream video from Comcast or directly from content owners such as Netflix and YouTube through a fully integrated electronic programming guide.

35.     In fact, Netflix movies and TV shows are integrated directly into the browse menus and search functionality of Xfinity X1 - just like other programs on X1, making it easy for Comcast and its customers to access Netflix programs.



## Watch Netflix Programs on Xfinity X1

It's easy to watch Netflix programs on Xfinity X1 - find out how, below.

### Watch Netflix Programs

Netflix movies and TV shows are integrated directly into the browse menus and search functionality of Xfinity X1 - just like other programs on X1, making it easy to access Netflix programs.

1. Use the X1 Voice Remote to search for a movie or TV show that you would like to watch.
2. Once you have found a movie or program that you would like to watch, click the **Watch** button to view the program in the Netflix app.

You must be signed in to the Netflix app to watch Netflix content, please see instructions on signing in to the Netflix app on Xfinity X1.

You can also go directly to the Netflix app within the **X1 Apps menu** by clicking on the Netflix tile, please see instructions on accessing the Netflix app on Xfinity X1.

If you do not see the Netflix tile within the **X1 Apps menu**, then you may not have a compatible device. For more assistance, please see troubleshooting steps when you can't see Netflix on your X1 TV Box.

36.     The Xfinity X1 TV Box is a compatible set top box that Comcast sells and provides to customers that allow customers to watch video content from over-the-top streaming providers like Netflix and YouTube.



11

37.     Comcast's Xfinity X1 displays a visual directory (or channel guide) that allows a user to select a particular show or movie from a broad listing of content. The user can make selections based on title or content descriptions, among other things, and can search for content across different sources using an integrated user interface. The X1 programming guide is also user-configurable.

# View Channel Information in the X1 On-Screen Guide

Here's how to view channel information and access the option to watch, record, lock, or view program listings from the Xfinity X1 guide.

## To View Channel Information

1. To access the guide grid, press the **Guide** button on the remote control.
2. Navigate to the desired channel within the guide.



3. Use the **left arrow** to highlight the channel name/number/logo and press the **OK button** on the remote.

4. Choose from the following options:

- ○ Choose **Watch** to watch the channel.
- ○ Choose **Record** to set up a manual recording.
- ○ Choose **Favorite** to add the channel to your favorites list.
- ○ Choose **Channel Info** to view a list of upcoming programs on that channel.



38.     Comcast makes the Xfinity X1 Platform available to subscribers of its cable and internet services, and the Xfinity X1 Platform comes standard with a cable box and remote control.



39.     The Comcast Xfinity X1 Platform remote control is voice activated, giving customers a simple way to search for and find specific video content that they can then select for viewing (again, through the use of simple voice commands).



40.     The Xfinity Remote App is an app that can be downloaded over the Internet, including from iTunes App Store, and allows Comcast's X1 customers to use their mobile devices (e.g., tablets, smartphones, etc.) just as they would a Xfinity remote control, including X1's "voice remote" functionality.

41.     Selected video content may be streamed over the Internet to the user's device, which may be a television, a computer, a smart phone, or tablet.

## Add a Channel to Favorites

1. On the remote, press the **Guide** button once to access the main guide.
2. Navigate to the channel you wish to add to Favorites.



3. Press the **left arrow** button on the remote to highlight the channel and press **OK**.

42.     Xfinity Stream is a video streaming service that operates over an in-home Xfinity Wi-Fi network, and brings a wide range of video content (e.g., live TV, HBO, on demand programming) to customers via their computers, tablets, and smartphones. Subscribers of Xfinity Stream can also watch Xfinity TV Go (or TV Everywhere) programming while away from home over any internet mobile connection using the Xfinity Stream app or portal

43.     Comcast also offers its customers the option of adding an X1 digital video recorder, giving customers the freedom to record and save video content for later viewing.



## V.

## CLAIM FOR PATENT INFRINGEMENT OF THE '431 PATENT

44.     WhereverTV incorporates by reference all preceding paragraphs.

45.     This cause of action arises under the patent laws of the United States of America and, in particular, 35 U.S.C. §§271 et seq.

46.     On February 18, 2014, the '431Patent, titled "Global Interactive Program Guide Application and Device," was issued by the United States Patent and Trademark Office (the "USPTO"). A true and correct copy of the '431 Patent is attached hereto as Exhibit A.

47.     The '431 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

48.     The '431 Patent is legally presumed to be valid under Title 35 U.S.C. §282.

49.     WhereverTV is the assignee and owner of all rights, title, and interests in the '431 Patent, including all rights to pursue and collect past and future royalties and damages for infringement of the patented claims. WhereverTV retains the exclusive right to enforce the '431 Patent.

50.     Comcast has directly infringed and continues to directly infringe all the claims of the '431 Patent. With reference to exemplary claim 1 of the '431 Patent, Comcast directly

16

infringed and continues to directly infringe that claim by, among other things, manufacturing, using, offering for sale, and/or selling the Xfinity X1 Platform, which includes an electronic interactive programming guide.

51.     Claim 1 recites a "content manager device" comprising a server on a network "containing descriptive program data about video content available from multiple sources including one or more cable system operators (MSOs) and one or more non-MSOs"; a device capable of establishing and maintaining a connection to the network; a user-configurable "interactive program guide application" installed on the device listing at least one channel of video content available from each of the one or more MSOs and each of the one or more non-MSO, wherein each of the channels is selectable for receiving streaming video programming from its respective MSO and non-MSO over the network. The full text of Claim 1 follows

30

I claim:

1. A content manager device comprising:

a server resident on a network containing descriptive pro-
gram data about video content available from one or
35   more multiple cable system operators (MSOs) and one
or more non-MSOs;

a device capable of establishing and maintaining a connec-
tion with the network via a communications link; and

an interactive program guide application installed on the
40   device that provides user-configurable interactive pro-
gram guide (IPG) listing at least one channel of video
content available from each of the one or more MSOs
and each of the one or more non-MSOs and descriptive
program data from the server for the video content avail-
45   able on each of the channels, wherein each of the chan-
nels is selectable for receiving only or virtually entirely
streaming video programming from its respective MSO
or non-MSO source via the communications link and the
network; wherein the server is distinct from at least one
50   of the one or more MSOs and one or more non-MSOs,
and wherein the application allows for the IPG to be
configured by a user with respect to adding or deleting
channels from any of the one or more MSOs or the one
or more non-MSOs.

52.    Comcast's Xfinity X1 Platform, including its electronic interactive programming
guide, is a "content manager device" that comprises all of the claim limitations set forth in claim
1 and, therefore, at least infringes claim 1 of the '431 Patent.

53.    The Xfinity X1 Platform generally comprises, among other things, an internet-
enabled, interactive programming guide that is user-configurable and allows users to
conveniently search, select, and access streaming video over the internet from at least one MSO

(e.g., Comcast cable, Comcast on demand video content, among others) and at least one non-MSO (e.g., Netflix, YouTube, among others). The Xfinity X1 Platform reads on all of the limitations set forth in claim 1, as well as many other patented claims in the '431 Patent.

54.     Comcast's Xfinity X1 Platform also comprises a server that is resident on a network that contains descriptive program data about video content available from one or more multiple cable system operators (MSOs) and one or more non-MSOs.  For example, the Xfinity X1 Platform includes a server on a network that contains descriptive programming data about video content available from one or more non-MSOs, including, for example Netflix and YouTube, and one or more MSO's, for example Comcast.

55.     Comcast's Xfinity X1 Platform is internet-enabled and thus comprises a device capable of establishing and maintaining a connection with the network via a communications links.

56.     Comcast's Xfinity X1 Platform further comprises a user-configurable electronic interactive programming guide that provides a listing of video content from at least one MSO and at least one non-MSO, and each of the channels is selectable for receiving streaming video programming from its respective MSO (e.g., Comcast distributed video content) or non-MSO video content (e.g., Netflix, YouTube, etc.) over the network.

57.     Comcast's X1 electronic interactive programming guide is also configurable by users. Without limitation, users can configure the programming guide by adding and deleting channels, among other configuration changes.

58.     By making, using, testing, assembling, offering for sale, selling, and importing the Xfinity X1 Platform, including, but not limited to the X1 electronic interactive programming guide and related video delivery components, and by placing all such elements of the Xfinity X1

Platform into service, Comcast has injured WhereverTV and is liable to WhereverTV for directly infringing one or more claims of the '431 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

59.     Each of the different Defendants have also jointly and collectively combined their actions in a manner that collectively constitute infringement of the '431 Patent, and, they exercise control and direction over one another, thus, making each of them vicariously liable for each other's infringement.

60.     Comcast also indirectly infringes the '431 Patent by actively inducing its customers to engage in acts that Comcast knows or should know induces infringement under 35 U.S.C. § 271(b), (c), and (g). For instance, Comcast engages in affirmative acts that cause, urge, encourage, and aid infringing conduct by Comcast's customers. These acts include designing, assembling, and installing the Xfinity X1 Platform in a manner that infringes the patented claims of the '431 Patent, and by providing instructions and advertisements for the Xfinity X1 Platform to customers to induce infringement. Comcast intended to induce patent infringement by its customers and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. Comcast installed the Xfinity X1 Platform within its retail stores and in the homes and businesses of its customers, and engaged Internet providers and Internet server hosting providers to service the Xfinity X1 Platform to customers, and circulated instructions urging its customers to make and use the Xfinity X1 Platform (with electronic interactive guide) in an infringing manner, and by doing so, actually induced such customers to infringe the claims of the '431 Patent.

61.     Comcast has had knowledge of the '431 Patent and of its infringement of the '431 Patent since at least the date of service of this Complaint.

62.     WhereverTV has been harmed by Comcast's infringement and is entitled to an injunction and compensation in an amount no less than a reasonable royalty as well as its lost profits for Comcast's infringement. WhereverTV will also seek a permanent injunction barring WhereverTV from selling its infringing Xfinity Products. WhereverTV reserves the right to amend this Complaint to assert a claim for willful infringement if information obtained during the course of this lawsuit supports such an assertion.

## VI.
## JURY DEMAND

63.     Pursuant to Rule 38(b), Federal Rules of Civil Procedure, WhereverTV respectfully demands a trial by jury as to all matters so triable.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a.  A declaration of final judgment in favor of WhereverTV finding that Comcast has infringed and/or continues to infringe one or more claims of United States Patent No. 8,656,431;

b.  Judgment in favor of WhereverTV for all damages suffered by WhereverTV and that Comcast be Ordered to account for and pay to WhereverTV all damages and costs resulting from Comcast's infringement of the '431 Patent, including, but not limited to, lost profits, lost royalties, reasonable license fees, costs, expenses, together with pre-judgment and post-judgment interest thereon, and all other damages permitted pursuant to 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

c.  A permanent injunction enjoining Comcast, its officers, directors, agents, affiliates, employees, and all others acting in concert or privity from infringing the '431 Patent pursuant to 35 U.S.C. § 283.

d.  Judgment and a determination to the effect that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees under same or as otherwise permitted by law.

e.  That WhereverTV be granted costs of suit and pre- and post-judgment interest calculated on monetary amounts awarded;

f.  That WhereverTV be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,


/s/ Robert N. Harrison

Robert N. Harrison
Florida Bar No. 612545
Robert N Harrison, PA
304 West Venice Avenue, Suite 201
Venice, FL 34285
robert@harrisonlawoffice.com
(941) 485-8551 (telephone)
(941) 584-8376 (facsimile)

Adam Sanderson (*pending special admission pursuant to Local Rule 2.02*)
Texas State Bar No. 24056264

REESE MARKETOS LLP
750 N. St. Paul, St. Ste. 610
Dallas, Texas 75201
(214) 382-9810 (telephone)
(214) 501-0731 (facsimile)
adam.sanderson@rgmfirm.com

**COUNSEL FOR PLAINTIFF**