```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WHEREVERTV, INC.,

       Plaintiff,

v.                                   Case No: 2:18-cv-529-FtM-99CM

COMCAST           CABLE
COMMUNICATIONS, LLC,

       Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's sealed, unredacted[1] Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. #40) filed on November 19, 2018. Plaintiff filed a Response in Opposition (Doc. #48) on December 7, 2018. A Reply (Doc. #54) and Surreply (Doc. #57) were filed, along with declarations from both parties in support of their positions (Docs. ##38-1, 48-1, 48-2, 48-3). For the reasons set for below, the Motion is denied.

**I.**

This is a patent infringement dispute concerning the '431 Patent[2] held by plaintiff WhereverTV, Inc., a Florida corporation

___

[1] The Motion was initially filed in a redacted version (Doc. #38) and a duplicate, unredacted version was filed under seal (Doc. #40) because it contains competitive business information. The redacted version will terminated as duplicative.

[2] The '431 Patent, titled "Global Interactive Program Guide Application and Device", discloses a video access and delivery system for today's video entertainment environment. One or more embodiments disclosed in the '431 Patent are directed at receiving,

with its principal place of business in Lee County, Florida, for an interactive television program guide.  Plaintiff alleges that Defendant Comcast's Xfinity X1 Platform has directly infringed and continues to directly infringe on the '431 Patent.  (Doc. #30, Amended Complaint.)  Comcast is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.

Founded in 2006, WhereverTV is an over-the-top television service provider that offers live-streaming video content to subscribing customers around the world and through a wide range of internet-enabled devices.  (Doc. #30, ¶ 11.)  The '431 Patent was invented by Mark A. Cavicchi, plaintiff's former Chief Executive Officer, who transferred all of his rights in the patent to WhereverTV in 2007.  The '431 Patent was issued by the United States Patent and Trademark Office on February 13, 2014 and Cavicchi resigned from WhereverTV in December 2015.  (Id., ¶ 13; Doc. #48-2, ¶ 4.)  From 2006 to 2017, WhereverTV was a Delaware corporation.  (Doc. #48-1, ¶ 4.)  In December 2015, WhereverTV moved its principal place of business from the Pittsburgh area to Fort Myers, Florida, and re-incorporated to become a Florida corporation in 2017.  (Id.)  Thus, WhereverTV has not had a place

---

accessing, managing, and viewing digital video such as live television, television on demand, and pre-recorded video and audio programming from multiple content sources, via an Internet-enabled device (e.g., smart phone, tablet, computer, television), anywhere in the world.

of business in Pennsylvania and has not had any business dealing with anyone in Pennsylvania since 2015. (Doc. #48-2, ¶ 4.) This suit was filed on August 1, 2018, and the decision to change the company's corporate registration from Delaware to Florida had nothing to do with WhereverTV's decision to commence this lawsuit against Comcast. (Doc. #48-1, ¶ 4.)

## II.

Federal jurisdiction is premised on 28 U.S.C. § 1338(a), giving federal district courts exclusive original jurisdiction over any civil action arising under any Act of Congress relating to patents. Plaintiff alleges venue in the Middle District of Florida under 28 U.S.C. §§ 1391 and 1400(b) because Comcast has a regular and established place of business in Lee County, Florida and Comcast distributes the infringing product from its place(s) of business in Lee County, Florida. (Doc. #30, ¶ 8.)

While proper in the Middle District of Florida, venue may still be transferred pursuant to 28 U.S.C. § 1404(a), which involves a two-pronged inquiry. First, the Court must determine whether the alternative venue is one in which the action could have originally been brought. Second, the Court must balance certain convenience factors, which Comcast argues favors transfer to the Eastern District of Pennsylvania, Philadelphia. Factors considered by the court include: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative

ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotation omitted). Generally, when weighing these factors, the court must keep in mind that there is a "strong presumption against disturbing plaintiff['s] initial forum choice." SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1100 (11th Cir. 2004). Thus, in most cases, the plaintiff's choice of forum should not be disturbed unless the balance is strongly in favor of the defendant. Id.

**A. Judicial District Where Case May Have Been Brought**

Venue in a patent infringement case is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of

infringement and has a regular and established place of business." Comcast seeks transfer to the Eastern District of Pennsylvania, Philadelphia, where its headquarters are located. Since this is a judicial district in which the action could have originally been brought, the first prong is satisfied.

**B. Convenience Factors**

The parties analyze these factors and, not surprisingly, come to differing conclusions. After review of the arguments and the Declarations submitted by the parties (Docs. ##38-1, 48-1, 48-2, 48-3), the Court finds that the factors do not predominate in favor of transfer, and Comcast has not convinced the Court that it should exercise its discretion and transfer the case to Pennsylvania.

There is no district which will not inconvenience some of the parties and witnesses. Plaintiff's senior management and technology consultants mostly reside in the Middle District of Florida, with one residing in California who travels quarterly to Florida to meet with WhereverTV (Doc. #48-3). Although residing in Pennsylvania, Mark Cavicchia, likely a key witness as '431 Patent's inventor, states that it would not be more convenient for him if the case was transferred to Philadelphia because he lives approximately 236 miles from Philadelphia. (Doc. #48-2, ¶ 5.) Cavicchia would have to travel either way and he prefers to travel to Fort Myers and will do so without a subpoena.

Neither party has identified any particular witness who will be unavailable or unwilling to testify in the respective districts as the majority of witnesses will likely be employees whose attendance at trial will not need to be compelled. And there is no evidence that compulsory process will be necessary for the appearance of any other witnesses. The relative means of the parties clearly favors honoring the choice of venue selected by plaintiff. The relevant documents seem to be located in both Florida and Pennsylvania where the parties' corporate headquarters are located, but document location in today's electronic age seems to have decreasing significance. The locus of operative facts favors both districts because although the patent was initially developed in Pennsylvania, the infringement is ongoing and WhereverTV is now located in Florida. This case involves violation of patent laws and it is likely this Court and the district court in Pennsylvania are equally knowledgeable about the governing law. Trial efficiency and the interests of justice are certainly not diminished in plaintiff's choice of venue.

Considering all of these factors, the Court finds that defendant has not established that plaintiff's choice of venue is clearly outweighed by other relevant considerations. Therefore, the Court will not disturb plaintiff's choice of forum.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Sealed Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. #38) is **DENIED.**

2. Defendant's Redacted Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. #38) is **terminated as duplicative**.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of January, 2019.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record