```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WHEREVERTV, INC.,

        Plaintiff,

v.                               Case No:   2:18-cv-529-FtM-99NPM

COMCAST CABLE COMMUNICATIONS, LLC,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Comcast Cable Communications, LLC's Motion to Stay Pending *Inter Partes* Review (Doc. #90) filed on September 6, 2019. Plaintiff Wherevertv, Inc. filed a Response in Opposition (Doc. #97) on September 29, 2019, and Comcast replied (Doc. #102). For the reasons set forth below, the Motion is denied without prejudice.

**I.**

This is a patent infringement dispute concerning U.S. Patent No. 8,656,431 ("'431 Patent") held by plaintiff WhereverTV, Inc., entitled "Global Interactive Program Guide Application and Device."[1] Plaintiff alleges that defendant Comcast's Xfinity X1

---

[1] The '431 Patent (attached to the Amended Complaint at Doc. #30-1), titled "Global Interactive Program Guide Application and Device", discloses a video access and delivery system for today's video entertainment environment. One or more embodiments disclosed in the '431 Patent are directed at receiving, accessing, managing, and viewing digital video such as live television, television on demand, and pre-recorded video and audio programming

Platform has directly infringed and continues to directly infringe on the '431 Patent. (Doc. #30, Amended Complaint.)

Plaintiff initiated this case on August 1, 2018 (Doc. #1) and on August 20, 2019, plaintiff filed two separate petitions for review by the U.S. Patent and Trade Office (USPTO) for *inter partes* review[2] of the '431 Patent. Comcast believes that these petitions demonstrate that the asserted claims of this patent-in-suit case are invalid and should be canceled or review will at least streamline the issues and simply this case. For these reasons (and others), Comcast moves to stay this case pending the USPTO's resolution of the petitions. Wherevertv opposes a stay, arguing that unless and until the USPTO institutes an *inter partes* review, it makes little sense to stay the litigation and doing so will result in undue prejudice to plaintiff.

**II.**

---

from multiple content sources, via an Internet-enabled device (e.g., smart phone, tablet, computer, television), anywhere in the world over an internet connection using an interactive programming guide.

[2] The *inter partes* review process "is designed to improve upon the previous *inter partes* re-examination process by (1) reducing to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months; (2) minimizing duplicative efforts by increasing coordination between district court litigation and *inter partes* review; and (3) allowing limited discovery in the review proceedings." Automatic Mfg. Sys. v. Primera Tech., No. 6:12-cv-1727-RBD-DAB, 2013 WL 6133763, at *2 (M.D. Fla. Nov. 21, 2013).

**A. Standard**

"Courts have broad discretion to manage their dockets, including the power to grant a stay pending the conclusion of PTO administrative proceedings." Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., No. 6:12-cv-1727, 2013 WL 6133763, at *1 (M.D. Fla. Nov. 21, 2013) (citation omitted). The party moving for a stay bears the burden of demonstrating that such relief is warranted. See id. (citing Landis v. N. Am. Co., 229 U.S. 248, 254–55 (1936)).

When a party moves to stay patent infringement litigation during the pendency of *inter partes* review, courts consider the following non-exhaustive factors: (1) whether a stay will simplify the issues in question for trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. See id.; Andersons, Inc. v. Enviro Granulation, LLC, No. 8:13-cv-3004, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014) (citations omitted). "The court's inquiry is not limited to these three factors — the totality of the circumstances governs." Automatic Mfg., 2013 WL 6133763, at *1.

**B. *Inter Partes* Review Background and Timing**

*Inter partes* review was created by Congress in the Leahy-Smith America Invents Act (AIA). See 35 U.S.C. §§ 311–319. An *inter partes* review begins by a non-patent owner petitioning the

USPTO to review the patentability of a patent. See 35 U.S.C. § 311(b). The non-patent owner challenges one or more claims of a patent as invalided under 35 U.S.C. §§ 102 (prior art) and/or 103 (obviousness). The patent owner may file a response to argue against the USPTO instituting an *inter partes* review. See 37 C.F.R. § 42.107(a)-(b).

An *inter partes* review is limited to only those claims challenged in the petition. If, based on the petition and the patent owner's preliminary response, the USPTO determines "that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition," then it may initiate a review. 35 U.S.C. § 314(a). That decision must be made within three months of the patent owner's response, or three months from the last day the patent owner could respond to the petition. See 35 U.S.C. § 314(b).

The scope of the review is indeterminate until the UPSTO's determination, however, because the regulations that implement the AIA further provide that the USPTO may choose to review "all or some of the grounds of unpatentability asserted for each claim." 37 C.F.R. § 42.108(a). In fact, even if all the grounds in a petition are well-taken, the USPTO may authorize the review to proceed on only "some of the challenged claims" or on only "some of the grounds of unpatentability asserted for each claim." Id. Indeed, the USPTO declines to conduct the review altogether if it

cannot proceed with a review within the mandated timeframe. 77 Fed. Reg. 48,689.

On August 20, 2019, Comcast filed two petitions for *inter partes* review of each asserted claim of the '431 patent. Thus, by statute, the USPTO has at most six months – until about March 2020[3] – to determine whether one or both of Comcast's petitions establish a likelihood that the claims are invalid. If the USPTO agrees with Comcast, then it will institute *inter partes* review. Furthermore, the USPTO may decide whether to institute *inter partes* review earlier if plaintiff, as the alleged patent owner, waives its right to file a preliminary response to Comcast's petitions. See 37 CFR § 42.107(b).

If the USPTO institutes a *inter partes* review, a panel of three administrative patent judges, who have "legal knowledge and scientific ability," conduct the proceedings. See 35 U.S.C. §§ 6(a)-(c), 311. The parties engage in limited discovery and respond to arguments and have the right to an oral hearing. See 35 U.S.C. § 316(a)(10). The USPTO must complete the *inter partes* review within one year, with the possibility that the proceeding may be extended for an additional six months for good cause. See 35 U.S.C. § 316(a)(11). Any party may appeal the USPTO's decision

---

[3] Comcast states that the USPTO's institution-decision deadline triggers upon docketing of Comcast's petitions at the U.S. Patent & Trademark office, which had not happened at the time it filed its Motion to Stay.

to the United States Court of Appeals for the Federal Circuit. See 35 U.S.C. §§ 141–44.

**III.**

Wherevertv argues that a petition for — as opposed to an institution of — *inter partes* review does not shed much light on the potential scope of an *inter partes* review, as it remains unclear which, if any, petitions might be granted and when they might be granted. Therefore, plaintiff argues the Court should deny Comcast's Motion to Stay because the stay would prejudice plaintiff and cause a tactical disadvantage to plaintiff. Comcast responds that a stay would conserve the parties' and judicial resources.

The Court is mindful (and the parties acknowledge) that judges within the Middle District of Florida have issued decisions ruling both ways on this issue – some grant a stay although the USPTO has not yet decided whether to institute *inter partes* review and some deny the request for stay without prejudice to be refiled *if* the USPTO institutes *inter partes* review. See Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) ("because a petition does not shed much light on the potential scope of an *inter partes* review, and because a stay could delay these proceedings for at least six months with little to show, the Court finds that a stay would unduly prejudice or present a clear tactical disadvantage to

Plaintiff"); Patent Asset Licensing, LLC v. Bright House Networks, LLC et al., 2016 WL 4431574, at *3 (M.D. Fla. Aug. 22, 2016) (noting that courts in the Eleventh Circuit have also stayed cases before the USPTO institutes *inter partes* review because of the concrete, numerous, and well-recognized benefits of resort to the USPTO, which all apply here); Canvs Corp. v. Nivisys, LLC, 2:14-cv-99-FtM-38DNF (M.D. Fla. July 31, 2014) (denying motion to stay without prejudice because the *inter partes* review petition was still pending with the USPTO).

In this case, the Court exercises its discretion and finds that the more prudent course of action is to deny the request without prejudice to be revisited if the USPTO takes up review. The Court agrees with the well-reasoned analysis in Automatic Mfg., 2013 WL 1969247, where the request was denied without prejudice, and was in fact granted once the USPTO decided to institute *inter partes* review. See Automatic Mfg. Sys., Inc. v. Primera Technology, Inc., 6:12-cv-1727-Orl-37DAB, 2013 WL 6133763 (M.D. Fla. Nov. 21, 2013).

> In view of this administrative framework, it seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO. All in all, a petition can be pending before the USPTO for up to six months before the agency decides to "initiate" an *inter partes* review. This six months is a kind of limbo that requires the court and the parties to wait while the USPTO makes its decision. If it chooses not to proceed, then this action will have been left languishing on the Court's docket with no discovery, no positioning of the parties on claim

construction, and no dispositive motions. Put simply,
the parties will be no closer to trial in a type of case
that requires "early substantive disclosure" in order to
efficiently manage discovery and pretrial motion
practice. See Peter S. Menell, et al., Patent Case
Management Judicial Guide 2-20 (2d ed. 2012).

Automatic Mfg., 2013 WL 1969247. Here, a stay would result in undue prejudice to plaintiff who should be able to litigate its case until the USPTO decides whether to institute *inter partes* review and identifies the scope of the review.[4] The Court can then make a more informed analysis on a renewed Motion to Stay as to whether *inter partes* review will simplify the issues and streamline this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Comcast Cable Communications, LLC's Motion to Stay Pending *Inter Partes* Review (Doc. #90) is **DENIED WITHOUT PREJUDICE.**

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[4] Even if all the grounds in a petition are well-taken, the USPTO may authorize the review to proceed on only "some of the challenged claims" or on only "some of the grounds of unpatentability asserted for each claim." 37 C.F.R. § 42.108(a).