UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHEREVERTV, INC.,

    Plaintiff,

v.                                                    Case No. 2:18-cv-529-JLB-NPM

COMCAST CABLE
COMMUNICATIONS, LLC,

    Defendant.

## ORDER

Before the Court are three discovery motions. Plaintiff WhereverTV, Inc. seeks litigation materials from other patent cases in which Defendant Comcast Cable Communications, LLC was involved as a party. (Docs. 179, 187). And Comcast seeks certain reports and communications over which it claims WhereverTV waived privilege. (Doc. 191, 197). Consistent with this Court's February 1, 2021 Order providing that there will be no further written discovery (Doc. 180) and, in part, because Comcast's position is well-taken, WhereverTV's motions (Doc. 179, 187) are denied. Comcast's motion is likewise denied in accordance with this Court's previous discovery order. (Doc. 191).

A court has broad discretion to compel or deny discovery. *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014); *NetJets Aviation, Inc. v. Peter*

*Sleiman Dev. Grp., LLC*, No. 3:10-cv-483-J-32MCR, 2011 WL 6780879, *2 (M.D. Fla. Dec. 27, 2011). "The trial court is given wide discretion in setting the limits of discovery, and its judgment will be overturned only when a clearly erroneous principle of law is applied or no evidence rationally supports the decision." *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 354 (11th Cir. 2012) (cleaned up) (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985)); *see also Parker v. Parker*, 829 F. App'x 389, 392 (11th Cir. 2020) (finding trial court did not abuse its discretion in denying motion to compel further discovery on the basis of Local Rule 3.01(g)).

I.   **WhereverTV's Motions to Compel (Docs. 179, 187)**

WhereverTV filed its first motion to enforce the Court's discovery order (Doc. 83), or, alternatively, compel documents on February 1, 2021, just hours before the Court entered its discovery Order (Doc. 180). (Doc. 179). WhereverTV seeks written discovery on documents from a prior litigation in the Northern District of California,[1] including complete and unredacted copies of an expert report, a deposition transcript, and a motion for summary judgment. (Doc. 179, pp. 5, 15).[2]

---

[1] *Comcast Cable Communications, LLC v. OpenTV, Inc.*, No. 16-06180, 2017 WL 3335742 (N.D. Cal. Aug. 4, 2017).

[2] In its reply, WhereverTV offers a compromise, seeking unredacted, complete copies of: (1) Comcast's expert report(s) from Dr. Bove that describe the features and capabilities of Comcast's X1 platform; and (2) testimony transcripts (live and depositions) from Comcast witnesses John McCann, Albert Garcia, and Dr. Bove. (Doc. 188, p. 10).

2

In addition, WhereverTV requests the Court order Comcast to certify in writing that it is not withholding other nonprivileged documents describing the features of the X1 Platform from any other lawsuits, and it seeks attorneys' fees for filing its motion. (Doc. 179, p. 15). About three weeks later, WhereverTV filed a second motion to compel documents from three other patent infringement suits that Rovi Guides, Inc. commenced against Comcast before the International Trade Commission. (Doc. 187, pp. 1, 5-6 nn.12-13, 19).

On February 1, 2021, this Court granted an extension of time to conduct limited fact discovery but prohibited further written discovery in this matter. (Doc. 180, p. 11). Specifically, written discovery was deemed closed with the sole exception of allowing WhereverTV until February 15, 2021 to file a motion for leave to serve written discovery requests limited to 3 individuals upon a showing of good cause. (Doc. 180, pp. 11-12). No such motion has been filed, and the time to do so has expired. Consistent with this Court's prior Order, we reaffirm our decision that written discovery is now concluded.

While WhereverTV's motions may be denied on this basis alone, the Court also notes that contrary to WhereverTV's argument, the requested information is not responsive to its Request for Production No. 6. (Doc. 184, p. 5). This request sought: "All documents in which Comcast has described the capability and features of the

Accused Product, including, but not limited to press releases, marketing materials, brochures, data sheets, white papers, design documents." (Doc. 179-1, p. 5).

A formal, written request for production must support a motion to compel. *See James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) ("[C]ourts have denied motions to compel the production of documents where the movant failed to make a formal discovery request."); M.D. Fla. Discovery Manual § III.A.11 (2021) (noting that "informal requests may not support a motion to compel"). Requests for production of documents "should be clear, concise, and reasonably particularized." M.D. Fla. Discovery Manual § III.A.1 (2021); *see* Fed. R. Civ. P. 34(b)(1)(A) (requiring that items be described "with reasonable particularity"). This Court has interpreted "reasonable particularity" to mean that "the requesting party must describe the information it seeks in such a way that the responding party can understand what is being requested." *Century Sur. Co. v. Lay*, No. 6:14-cv-14-Orl-41TBS, 2014 WL 12614497, *2 (M.D. Fla. Oct. 2, 2014).

The Court finds Comcast's position in this regard well-taken as Request No. 6 does not expressly or obviously seek litigation materials. And according to Comcast, WhereverTV never mentioned Comcast's prior litigation materials, either generally or specifically, in any document requests, meet and confers, or court filings in the two years from its filing of this case until about one week before filing its first

4

motion to enforce or compel. (Doc. 184, pp. 5-6). For these reasons, WhereverTV's motions (Docs. 179, 187) are **DENIED**.

## II.     Comcast's Motion to Compel (Doc. 191)

Comcast also filed a motion to compel, seeking certain communications and documents over which it believes WhereverTV waived privilege. (Doc. 191). Specifically, Comcast argues WhereverTV's CEO and Chairman, Edward Ciofani, waived the attorney-client privilege due to certain public statements he made during two podcast interviews on or about July 30, 2018 (Doc. 191-2) and on August 15, 2018 (Doc. 191-3). (Doc. 191, pp. 6-21; Doc. 197, pp. 2-5). During the July 30, 2018 interview, Ciofani stated, in relevant part:

> [W]hen I took over the company [WhereverTV] [in May 2015] … I had five different patent infringement law firms review the patent on my behalf so that I could figure out the value of it, and figure out whether or not they thought it was defendable, and every one of them came back with some variance of that [sic] it was defendable. The firm that we've made press releases on out of Dallas, Texas, Reese Marketos, and [sic] came back with an 82-page report identifying all of the details of the patent and why they feel it's extremely defendable.

(Doc. 191-2, pp. 6-7). Then, during the August 15, 2018 interview, Ciofani stated:

> [A]t that time I had probably zero experience with any kind of patent or patent infringement stuff. So, I decided I was going to go out and have a firm that had extremely strong success in defending or filing patent infringement cases and winning them and that was Reese Gordon and Marketos' firm out of Dallas, TX. And I hired Adam Sanderson's firm to do a patent review for me. Back in March, May of 2015 and it came back with a report that identified that the patent was extremely, that they thought the patent was extremely defendable.

(Doc. 191-3, p. 3).

It appears Ciofani reached out to five law firms, but only three responded with a report to his request for legal advice. (Doc. 191-8, pp. 9-10). WhereverTV also explained that the conversations between Ciofani and the three firms were all conducted by telephone. (Doc. 194, p. 25; Doc. 191-8, pp. 8-9). So the only clear items Comcast seeks are the 82-page report from the law firm Reese Marketos, which currently represents WhereverTV in this suit, other potential reports from the two unknown law firms, and any related written communications, such as emails and memos. (Doc. 191, p. 16; Doc. 194, p. 24; Doc. 191-7, p. 6 (items 54-58, 60)). And the parties apparently stipulated to no email production in response to discovery requests absent a showing of good cause. (Doc. 194, p. 25; Doc. 194-6, p. 3).

Comcast disputes the applicability of the work-product protection because it claims the documents were not created in anticipation of litigation. (Doc. 191, pp. 21-25; Doc. 197, pp. 5-6). But Comcast does not dispute that the items sought are attorney-client privileged—it simply claims the privilege has been waived. (Doc. 191, p. 16). In fact, WhereverTV included the report and related emails and memos in its privilege log, which was provided to Comcast on or about March 13, 2019. (Doc. 191-7, pp. 3, 6) (items 54-58, 60). But the Court need not determine the applicability of privilege or waiver.

At this late juncture, Comcast seeks production of these privileged reports and written communications. But on February 1, 2021, this Court prohibited any further

written discovery. (Doc. 180, p. 11). Comcast is well aware of this directive as it even used it as one of its own arguments against WhereverTV's motion to compel. (Doc. 189, p. 12). Comcast cannot now ignore this Court's Order when it cuts against its own discovery motion. Therefore, consistent with this Court's prior Order, we reaffirm that written discovery, and by now all discovery, is concluded.

Even assuming the Court were amenable to further written discovery upon a showing of good cause, there is none. Comcast has not shown that despite its diligence, it was unable to have discovered this information sooner and requested it when written discovery was ongoing. Comcast bases its argument about waiver on the fact that the communications were made *publicly* on two podcasts from 2018, around the time the suit was filed. (Doc. 191, pp. 6, 14). So not only was Comcast aware of the 2019 privilege log but it also could have investigated publicly available podcasts long before it filed its motion. Now it is simply too late. For these reasons, Comcast's motion to compel (Doc. 191) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 30, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE