UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHEREVERTV, INC.,

    Plaintiff,

v.                                           Case No. 2:18-cv-529-JLB-NPM

COMCAST CABLE
COMMUNICATIONS, LLC

    Defendant.

**ORDER**

Before the Court is Defendant Comcast's motion to strike (Doc. 203) and Plaintiff WhereverTV's (WTV) response in opposition (Doc. 207). For the reasons discussed below, Comcast's motion to strike is denied.

**I.  Background**

This patent-infringement suit relates to the devices and apps that make up Comcast's Xfinity X1 platform, including the interactive-program guide by which Comcast's customers obtain video and audio entertainment. Allegedly, the X1 platform infringes WTV's patent because, among other things, its interactive-program guide simultaneously presents both traditional cable options—like HBO or Showtime—and more recently developed streaming options—like Netflix or Amazon Prime Video—for watching the same content, and the guide also facilitates

new subscriptions to such services. (Doc. 30). WTV timely served an expert report on May 21, 2021, disclosing Dr. William Easttom's opinions about how the X1 platform infringed WTV's patent. Naturally, his opinions are based in part on observations that can be made while pressing the buttons of a remote control to navigate through the guide. And various screenshots from navigating through the guide are embedded in his report to illustrate his opinions. (Docs. 203-4, 207-3).

In rebuttal, Comcast timely served an expert report from Prof. Loren Terveen, and WTV deposed him on July 22, 2021. (Doc. 203, p. 7). While Prof. Terveen was providing his deposition testimony, it appears that separately and simultaneously, WTV's deposition exhibit 104 was created by taking eleven screen shots of the X1 interactive guide while clicking through the available choices for viewing the 1990 Arnold Schwarzenegger movie "Total Recall" on either traditional cable options like AMC or newer streaming options like Netflix. (Doc. 203-2, p. 1). Exhibit 104 also included a screenshot of the option to subscribe to an additional channel such as AMC+. (Doc. 203-2, p. 6). Without incident or any objection, Prof. Terveen testified at length about how exhibit 104 illustrates the interactive-guide features at issue in this case. (Doc. 203-6). Five days later, WTV expert Dr. Easttom likewise testified about exhibit 104 during his deposition, and he explained that the exhibit was created at his direction by WTV's CEO. (Doc. 203-3, pp. 4-5).

Claiming that Dr. Easttom's deposition testimony about exhibit 104 constitutes a new opinion distinct from those disclosed in his report, and that the exhibit itself is an untimely disclosed ground for his new opinions, Comcast seeks to strike exhibit 104 and Dr. Easttom's testimony about it from his deposition transcript. But Comcast notes that it does not seek to strike exhibit 104 or the testimony about exhibit 104 from Comcast expert Dr. Terveen's deposition. (Doc. 203, p. 17, n. 6).

**II.     Legal Authority**

Federal Rule of Civil Procedure 26 requires parties to timely disclose all bases of their expert opinions. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). If an expert report is untimely or incomplete, Rule 37(c) controls. Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37 allows district courts to limit or exclude expert testimony as a sanction for violating Rule 26. *Mitchell*, 318 F. App'x at 824. The burden of establishing the failure to disclose lies with the non-disclosing party. *Id.*

### III.   Analysis

In an effort to preclude WTV's expert—but not its own—from testifying at trial about exhibit 104, Comcast tries to equate a serial-screenshot depiction of how an app works to the process of applying an outside force to an object of study (such as a mechanical or chemical test) and recording the results. From this inapt analogy, Comcast argues that exhibit 104 is akin to conducting a new laboratory test and formulating a new opinion well after the time to do so has passed. But while various witnesses may have loosely described their interactions with the guide as "tests" or "experiments," these references refer to illustrating the intrinsic features of an app. Thus, Comcast's cited cases about excluding new tests conducted, and new opinions formulated, after the service of an expert report are inapposite. Indeed, exhibit 104 is much like the depictions of the guide contained in both Dr. Easttom's and Prof. Terveen's reports, and in the operative complaint as well.

After examining the reports, transcripts, and exhibits supplied by the parties, the Court concludes that exhibit 104 and the testimony related to it do not constitute new or further expert testing and opinions. *See Int'l Iron, LLC v. Kubota Tractor Corp.,* No. 6:18-cv-2086-Orl-41-LRH, 2020 WL 8224609, *3 (M.D. Fla. Aug. 20, 2020) (denying motion to strike because "new charts" created after the report deadline "did not constitute new expert opinions"); *Fletcher v. Great Am. Ins. Co.*, No. 3:09-cv-324-J-25-JRK, 2010 WL 11507486, *6 (M.D. Fla. Sept. 7, 2010)

(denying motion to strike because the "additional information" did not modify the ultimate opinion advanced in the expert report). Accordingly, Comcast's motion to strike (Doc. 203) is **DENIED**.

**ORDERED** in Fort Myers, Florida on December 2, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE